35447, 35449. BLANTON v. THE STATE (two cases).
35448, 35450. BRYANT v. THE STATE (two cases).

DECIDED JANUARY 26, 1955.

412

*Ernest C. Britton,* for plaintiffs in error.

*Russell C. Davison, Jr., Solicitor-General,* contra.

GARDNER, P. J. ■ We have set out the evidence somewhat in detail. Insofar as the general grounds are concerned regarding the two charges against each of the two defendants, the evidence is abundantly sufficient to sustain the verdicts.

■ There are no special grounds regarding the possession of non-tax-paid whisky. The only other question before us is whether or not the special ground regarding the illegal manufacture of intoxicating liquors is meritorious. That ground reads: "Because the court erred in charging the jury as follows: 'Now, gentlemen, it is against the law of Georgia to manufacture spirituous or alcoholic liquors. If they were there, and the beer was ripe and to the state where it would intoxicate and it was on the still and running, gentlemen, that would be manufacturing'.

Movant avers that such charge was erroneous and injurious to him, because: (A) That it was misleading to the jury. (B) Said charge was also erroneous for the reason that such charge bluntly says it is against the law to manufacture spirituous or alcoholic liquors in the State of Georgia, whereas, as a matter of law it is legal to so manufacture upon compliance with the law of Georgia, as referred to and set forth in Code of Ga. Ann., section 58-1067.

"(C) Said charge presupposes the guilt of the accused in that the jury were told it would be against the law of Georgia to manufacture spirituous or alcoholic liquors, without further charging unless 'otherwise than as permitted in this chapter'— all as set forth in Code section 58-1067.

"(D) Muscogee County, Georgia, being a 'wet county' of which the court must take judicial knowledge, that spirituous or alcoholic liquors can be manufactured upon compliance with law, the court erred in not charging the whole and correct law in reference thereto."

It must be kept in mind that the only defense of the defendants was the defense of alibi. The defendants by witnesses and by their statements sought to prove this defense, but failed to convince the jury that such defense had been established. Under all the facts and circumstances of this case, the excerpt from the charge of the court was applicable and sufficient.

We must mention here that counsel for the defendants contend that this court should take judicial cognizance that Muscogee County is a "wet" county, and that the charges were injurious to the defendants because the court should have gone further in this regard. It is well-established law in this State that, where the State proves a charge as alleged and the evidence in proving such charge involves an exception, the burden shifts to the defendant to prove that the defendant comes within the exception. The defendants in the instant case did not offer any evidence that they came within any sort of exception which would authorize them under all the facts of this case to complain that in the trial no such exception was alleged or proved. The evidence for the State proves the identity of the defendants and further proves that they did manufacture intoxicating liquors as alleged and proves that they did illegally possess non-tax-paid whisky.

The court did not err in denying the motion for new trial in any of the cases against these defendants.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*